# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:12-CV-250-MR-DLH

| | |
|---|---|
| THE UNITED STATES OF ) <br> AMERICA ex rel. AUTOMATION ) <br> SYSTEM INTEGRATORS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BCE, INC., and GREAT ) <br> AMERICAN INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> _____ ) | <u>O R D E R</u> |

**THIS MATTER** is before the Court on the Plaintiff's Demand/Motion for Jury Trial [12:250 Doc. 52] and Defendants' Motion to Strike [12:250 Doc. 55] the same.

## FACTUAL AND PROCEDURAL SUMMARY

This action is comprised of two cases,[1] originally filed in two different federal districts, but consolidated herein at the request of the parties. [12:250 Doc. 29]. Each case revolves around a separate Department of

---

[1] In this District, one case was assigned docket number 1:12-CV-250 and the other case was assigned docket number 1:13-CV-132. Therefore, citation to specific documents of record will take the form of [12:250 Doc. "x"] and [13:132 Doc. "x"] where "x" represents the respective Docket Sheet entry number for the document.

Veterans Affairs ("VA") construction project wherein Plaintiff Automation System Integrators, Inc., ("ASI") was a subcontractor, Defendant BCE, Inc., ("BCE") was the prime contractor, and Defendant Great American Insurance Company ("GAIC") was a surety.

On August 7, 2012, ASI filed a Complaint [13:132 Doc. 1] against the Defendants in the United States District Court for the Central District of Illinois. ASI is seeking to recover alleged damages arising from its work on a project known as the "Upgrade Chiller & Air Handling Equipment Project" for the VA in Danville, Illinois ("Danville Lawsuit"). ASI did not demand a jury trial in its Complaint.

GAIC filed an Answer responding to ASI's allegations and demanded a jury trial. [13:132 Doc. 6 at 10]. Similarly, BCE filed an Answer responding to ASI's allegations and demanded a jury trial. [13:132 Doc. 7 at 10]. BCE also filed a Counterclaim seeking to recover alleged damages against ASI arising from the Danville project. [13:132 Doc. 8]. BCE's Counterclaim contained a jury trial demand as well. [Id. at 10]. ASI filed a Reply [13:132 Doc. 10] to BCE's Counterclaim but demanded no jury trial. Thereafter, ASI filed an Amended Complaint [13:132 Doc. 13], and Defendants filed Answers thereto. [13:132 Docs. 17, 18]. None of these pleadings contained a jury demand.

On August 16, 2012, ASI commenced the above-captioned lawsuit against the Defendants by Complaint filed that day.  [12:250 Doc. 1]. In its second action, ASI is seeking to recover alleged damages arising from its work on a project for the replacement of HVAC controls for the VA in Asheville, North Carolina ("Asheville Lawsuit"). ASI did not demand a jury trial in its Complaint.

Both GAIC and BCE filed Answers responding to ASI's Complaint. [12:250 Docs. 14, 15]. In neither Answer did they demand a jury trial. BCE's Answer contained a Counterclaim seeking to recover alleged damages against ASI arising from the Asheville project. [12:250 Doc. 15 at 7-9].  BCE's Counterclaim contained no jury demand. Neither did ASI's Reply [12:250 Doc. 19] thereto.

On May 30, 2013, the parties filed a Joint Motion for Consolidation of Lawsuits.  [12:250 Doc. 29].  In the Joint Motion, the parties requested that the pretrial deadlines for the Danville Lawsuit and the Asheville Lawsuit be consolidated in accordance with the Court's Pretrial Order [12:250 Doc. 20], as amended by subsequent Order [12:250 Doc. 28], and that the trials of these cases occur consecutively in the same term. Further, and critical to the issues at hand in this Order, the Joint Motion stipulated that "[t]he

parties agree to [sic] that both lawsuits shall be tried to the bench." [12:250 Doc. 29 at 3].

On August 16, 2013, GAIC moved the Court to amend its Answer by clarifying one of its previously asserted affirmative defenses. [12:250 Doc. 32]. "Here, GAIC contends the right to set off any amounts otherwise owed to ASI on the Asheville Project by amounts GAIC directly paid out of its own purse to ASI's suppliers on the Danville Project." [12:250 Doc. 42 at 3]. Magistrate Judge Howell granted GAIC's motion over the objection of ASI finding the amendment would "not substantially alter the nature of this dispute." [12:250 Doc. 48 at 2].

On November 22, 2013, ASI filed an unopposed Motion for Consolidation. [12:250 Doc. 51]. ASI requested, without objection by the Defendants, that the Court consolidate the Asheville Lawsuit and the Danville Lawsuit for one trial. Rather than the parties conducting consecutive trials, the parties' consent motion requested a single trial and that such trial "follow the traditional rule and retain the separate character of each suit with entry of separate judgments." [12:250 Doc. 51-1 at 5]. The Court granted the motion and consolidated the cases for one bench trial. [12:250 Doc. 53 at 2].

4

At the same time ASI filed its unopposed Motion for Consolidation [12:250 Doc. 51], it also filed its Motion/Demand for Jury Trial. [12:250 Doc. 52]. Defendants filed a joint Response [12:250 Doc. 54] opposing ASI's Motion for Jury Trial and filed a Motion to Strike Plaintiff's Demand for Jury Trial. [12:250 Doc. 55]. ASI has responded to Defendants' Motion to Strike. [12:250 Doc. 58]. These matters are now ripe for consideration.

## STANDARD OF REVIEW

Once a stipulation to waive a jury trial is made, it is binding unless relief from the stipulation is necessary to prevent a manifest injustice or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law. Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1206 (7th Cir. 1989).

## DISCUSSION

A.  The Parties' Stipulation to a Bench Trial.

ASI never demanded a jury trial in any of the pleadings it filed in either the Asheville Lawsuit or the Danville Lawsuit. Defendants, however, demanded a jury trial in the Danville Lawsuit pursuant to Fed.R.Civ.P. 38(b)(1) by including such demand in their answers filed therein. Thereafter, the parties filed a joint motion to consolidate the Danville Lawsuit with the Asheville Lawsuit and specifically requested "that both

5

lawsuits be tried separately to the Court on consecutive days commencing on January 13, 2014 with an anticipated trial length of 5 days[.]" [Id. at 5]. This request followed immediately from the parties' express waiver of a jury and a stipulation "that both lawsuits shall be tried to the bench." [Id. at 3].

The Court accepted the parties' stipulation to a bench trial. See Fed.R.Civ.P. 39(a)(1) (The trial on all issues so demanded must be by jury unless the parties or their attorneys file a stipulation to a nonjury trial). Accordingly, the Court consolidated the cases and set them for a bench trial. That the parties invoked this procedure to forego a jury by unanimous written consent was entirely proper. Rule 38(d) so provides, explaining that "[a] proper [jury] demand may be withdrawn only if the parties consent." Id.

Having consented to a bench trial, ASI is not now at liberty simply to cast that decision aside unilaterally. West v. Devitt, 311 F.2d 787, 788 (8th Cir. 1963) (having the consent of both parties to waive a jury, the mere fact that petitioner had changed his mind would not of itself require the court to set aside the procedural order it made for a bench trial); in accord, Hanlon v. Providence College, 615 F.2d 535, 538 (1st Cir. 1980); Country Club of Savannah, Inc, v. Sutherland, 411 F.2d 599, 600 (5th Cir. 1969). ASI must show one of the following circumstances exist: (1) a bench trial would be manifestly unjust, (2) the stipulation was entered into through inadvertence,

or (3) the stipulation was based on an erroneous view of the facts or law. Graefenhain, 870 F.2d at 1206.  Cf. United States v. Webb, 595 F.2d 203, 206 (4th Cir. 1979) (it would be "patently unjust" to allow one party to pick and choose which parts of a stipulation to honor).

ASI has put forward no evidence to show that it can satisfy any of the three listed grounds for releasing it from the stipulation.  ASI makes no argument that trying this case to the Court without a jury would be manifestly unjust nor does it contend that its agreement to waive a jury was done through inadvertence.  At most, ASI asserts that, because GAIC was permitted to amend its Answer, the "Asheville case will now become cluttered and complicated, as each side will introduce evidence of claims and defenses relating to the Danville project." [12:251 Doc. 52-1 at 4].

As found by Magistrate Judge Howell, GAIC's amendment worked no substantial change in the nature of this matter at all.  GAIC's amendment, effectively, was a clarification of one of its affirmative defenses such that if it sustains any liability it will be credited for any overpayments it had previously made.  GAIC had previously pleaded, and therefore ASI already knew, the affirmative defense of set-off or credit was at issue. Consequently, ASI cannot now claim that its desire for a bench trial came

7

about through any "erroneous view of the facts or law." For these reasons, ASI cannot be released from the parties' stipulation for a bench trial.

B.  ASI's Rule 38(b) Demand for a Jury Trial.

ASI's jury trial demand under Rule 38(b) is ineffective as well. This is again because GAIC's amendment worked no material change in the nature of this matter. Putting aside ASI's jury trial waiver discussed above, ASI recognizes that only "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues[.]" [12:250 Doc. 52-1 at 3] citing, Frediau v. Rowan Companies, Inc., 738 F.2d 651, 653 (5th Cir. 1984). The clarification of claims or defenses, or further explication of the same, is not tantamount to "raising new issues" and therefore does not confer anew the right to a jury trial. Westchester Day School v. Mamaroneck, 363 F.Supp.2d 667, 670 (S.D.N.Y. 2005) (mere addition of extra details or new legal arguments will not suffice); Cedars-Sinai Med. Ctr. v. Revlon, Inc., 111 F.R.D. 24, 30 (D. Del. 1986) (amended answer merely added details). GAIC's amended Answer merely clarified issues that were already before the Court and did not present any significant alteration or modification to what needed to be decided at trial. It was because of the immateriality of the amendment that it was allowed at

such a late stage in this proceeding.  As such, ASI's jury demand is without foundation or merit and should be stricken.

C.      ASI's Rule 39(b) Motion for a Jury Trial.

ASI presents an alternative Motion For Jury Trial. [12:250 Doc. 52]. ASI's motion seeks, in the Court's discretion, an order directing that a jury determine the issues in the consolidated cases.

It would appear that ASI is judicially estopped from making such a motion because of its prior stipulation.  The Court, however, need not decide whether true estoppel lies.  The Court, in its discretion, denies the motion.  The Court finds ASI's tactic to be fundamentally unfair.  First, ASI allowed the time to expire on its right to demand a jury trial.  Then it stipulated to a bench trial.  Now, when GAIC obtains a minor amendment to the pleadings, ASI undertakes to unilaterally undo its prior waivers and stipulations in order to try this case to a jury.  ASI's Motion pursuant to Rule 39(b) will be denied.

## CONCLUSION

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Jury Trial [12:250 Doc. 51] is **DENIED**, and Defendants' Motion to Strike Plaintiff's Demand for Jury Trial [12:250 Doc. 55] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties submit proposed findings of fact and conclusions of law for each of the two cases no later than December 30, 2013, and thereafter be prepared to discuss the same, together with all other potential pretrial issues at the final pretrial conference set for 9:00 a.m. on January 3, 2014.

**IT IS SO ORDERED.**

Signed: December 16, 2013

Martin Reidinger
United States District Judge